IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INSURED FINANCIAL SERVICES,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE FARM INSURANCE<br>COMPANY,<br><br>            Defendant. | 8:18-CV-93<br><br>MEMORANDUM AND ORDER |

The plaintiff, Insured Financial Services (IFS) is suing the defendant, State Farm Insurance Company, for breach of contract, based on State Farm's alleged failure to pay for injuries sustained by insured homeowners. State Farm moves to dismiss IFS's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), asserting that IFS lacks standing to assert claims assigned by the homeowners, and that IFS has failed to state a claim for breach of contract. But the Court finds no merit to State Farm's arguments, and will deny its motion to dismiss.

BACKGROUND

The underlying injuries for which IFS seeks to recover were allegedly sustained to insured premises due to hailstorm. Filing 1-1 at 2. But IFS was not an insured party. Instead, IFS was assigned those claims by the "Disaster Response Group LLC d/b/a Disaster Response Group Insurance Network" (DRG), which had originally been assigned the claims by the homeowners. *E.g.* filing 1-1 at 6, 13.

For example, one of the insurance claims originally belonged to Darrin and Jennifer Bradley. Filing 1-1 at 6. According to IFS's records, the Bradleys

sustained a loss due to hail on September 22, 2015. Filing 1-1 at 23. They were contacted on October 2 and executed an "Assignment of Insurance Claim" to DRG the same day, in which,

> for and in consideration of the performance of the work pursuant to the contract executed by [the Bradleys] and DRG, as well as any change orders executed thereafter, and for other good and valuable consideration, the receipt and sufficiency whereof is hereby mutually acknowledged, and intending to be legally bound, hereby transfer, assign and set over unto DRG, all of the right, title and interest of the [Bradleys] in and to those certain insurance claim(s) made by [the Bradleys] . . . including but not limited to any and all insurance proceeds owed under [the Bradleys' insurance claim] . . . and any other claims arising out of [their insurance claim] asserted thereunder and proceeds thereof.

Filing 1-1 at 6. The Bradleys' property was inspected by DRG on October 9. Filing 1-1 at 23. The record does not reflect how any subsequent work on the home proceeded.

But on November 28, 2017, DRG executed an "Assignment of Insurance Claim" to IFS, reassigning the Bradleys' claims from DRG to IFS "for good and valuable consideration, the receipt and sufficiency whereof is hereby mutually acknowledged[.]" Filing 1-1 at 13. The DRG-IFS assignment was executed on behalf of both entities by Steve Shannon, who had also executed the initial assignment on behalf of IFS. Filing 1-1 at 13; *see filing* 1-1 at 6. The same day, IFS sent a letter to State Farm's claims department, advising State Farm that the claim had been assigned to IFS. Filing 1-1 at 24-25. A summary for the Bradleys' property, apparently printed the same day, was

provided to State Farm and indicates that IFS believed the "replacement cost value" for the repair was $54,697.45, and that $14,903.45 had been paid, leaving a net claim of $39,794.00. Filing 1-5 at 2; *see filing 1 at 4*.

IFS's complaint is premised on eight such claims, including the Bradleys'—while there are some differing details, the structure of the assignments is essentially the same. *See* filing 1-1 at 5-43; filing 1-5.[1] IFS alleges that under its insurance policies with the affected homeowners, State Farm "agreed to pay for direct physical loss to the insured premises resulting from any peril not otherwise excluded within the Policy." Filing 1-1 at 2. IFS further alleges that the policies were in force, and that the insureds or assignee fulfilled their post-loss duties, but that State Farm breached the insurance policies by failing to pay all benefits due and owing under the policies. Filing 1-1 at 3.

STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of

---

[1] The Court notes a couple of missing pieces: the initial assignment to DRG of claim #278N94414 seems to be missing, and there is no summary for claim #27876B457. But while those omissions might affect particular claims, they are not fatal to the case as a whole, so the Court need not consider them at this point.

the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

A motion pursuant to Rule 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). It appears to the Court that State Farm is advancing a "facial attack" to subject matter jurisdiction, based on the pleadings—that is, State Farm claims that IFS has not sufficiently alleged a basis for subject matter jurisdiction. *See Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). Accordingly, the Court restricts itself to the face of the pleadings and IFS receives the same protections as it would defending against a motion brought under Rule 12(b)(6). *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be

converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

## DISCUSSION

State Farm argues that dismissal is proper under Rule 12(b)(1) because, according to State Farm, the assignments from DRG to IFS are not valid, so IFS lacks standing and the Court lacks jurisdiction. Filing 10 at 1. And State Farm argues that even if standing is found, IFS has failed to state a claim for breach of contract. Filing 10 at 2. Finally, State Farm also moves pursuant to Rule 12(f) to strike IFS's prayer for attorney's fees. Filing 10 at 1.

### STANDING

First, State Farm moves to dismiss for lack of standing. Before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) Article III gives the federal courts jurisdiction over only "cases and controversies," and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process. *Id.* at 154-55.

State Farm argues that the underlying homeowners' claims were not validly assigned to IFS. Filing 11 at 5. State Farm does not challenge the initial assignability of the claims—and rightly so, because the Nebraska

Supreme Court has expressly approved a postloss assignment of a claim under a homeowner's insurance policy for the homeowner's property damage casualty loss. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 889 N.W.2d 596, 605 (Neb. 2016). Instead, State Farm asserts that IFS "failed to adequately plead the existence of a valid re-assignment of the Insureds' claims from DRG to IFS." Filing 11 at 7.

First, State Farm contends that "[t]he legitimacy of DRG's purported re-assignment of the Insureds' claims to IFS is highly suspect because the Insureds' assignments to DRG contain no provision allowing DRG to re-assign their claims."[2] Filing 11 at 8. But State Farm cites no authority holding that such a provision is required—and as a general matter, "contractual rights are generally assignable unless the terms validly preclude assignment or the assignment is contrary to statute or public policy." *Burnison v. Johnston*, 764 N.W.2d 96, 99 (Neb. 2009). Specifically, "a right to receive money under a contract may be assigned unless there is something in the terms of the contract manifesting the intention of the parties that it shall not be assigned." *Id.* (quotation omitted).

State Farm also argues that IFS has "not adequately pled the existence of valid consideration supporting the purported re-assignments of the Insureds' claims to IFS." Filing 11 at 11. But there are a couple of problems with that argument. First, matters which seek to avoid a valid contract are

---

[2] State Farm also questions the "purpose and propriety of the supposed re-assignments" on several grounds. *See* filing 11 at 8-12. The Court does not know precisely what to do with these questions, except to the extent that State Farm asserts the reassignments are void as against public policy—and State Farm cites no authority persuading the Court that it can void a contract, on the instigation of a third party to the contract, on the face of a pleading that expressly alleges the validity of the contract, solely because the transaction seems suspicious somehow.

affirmative defenses, and the burden of proving an affirmative defense rests upon the defendant—and failure of consideration is an affirmative defense. *Prod. Credit Ass'n of Midlands v. Eldin Haussermann Farms, Inc.*, 529 N.W.2d 26, 30-31 (Neb. 1995). So, State Farm would be required (if it could) to plead and prove that defense. *See Walker v. Barrett*, 650 F.3d 1198, 1203 (8th Cir. 2011). IFS had no burden, initially, to plead consideration, certainly not with the degree of specificity requested by State Farm.

But that raises a more fundamental problem, which is that only a party to a contract can challenge its validity. *Spanish Oaks, Inc. v. Hy-Vee, Inc.*, 655 N.W.2d 390, 397 (Neb. 2003) (citing *In re Vic Supply Co., Inc.*, 227 F.3d 928 (7th Cir. 2000)). "Obviously, the fact that a third party would be better off if a contract were unenforceable does not give him standing to sue to void the contract." *Id.* Simply put, the standing problem here isn't IFS's—it's *State Farm's* problem, because State Farm lacks standing to question the validity of the agreements between IFS and DRG.

In sum, the Court finds no merit to State Farm's argument that IFS's complaint should be dismissed for lack of standing.[3]

---

[3] The Court is aware that State Farm's "standing" argument might be more appropriately framed as questioning whether IFS is the real party in interest within the meaning of Fed. R. Civ. P. 17(a). Those are distinct concepts. *See Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 770 n.2 (8th Cir. 2010); *Lucas v. Lucas*, 946 F.2d 1318, 1322-23 (8th Cir. 1991); *Walker Mfg., Inc. v. Hoffmann, Inc.*, 220 F. Supp. 2d 1024, 1030 n.6 (N.D. Iowa 2002). But because the Court has rejected the premise of State Farm's argument, the Court need not explore the distinction: on the face of the pleadings, IFS is the real party in interest *and* has Article III standing. *See Curtis*, 618 F.3d at 770 n.2.

Next, State Farm argues that the complaint should be dismissed because it fails to state a claim for breach of contract. For breach of contract, the plaintiff must plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty. *Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014). State Farm seems to be taking issue with the allegations relating to breach.

Specifically, State Farm asserts that "IFS fails to identify any policy provision State Farm supposedly breached[.]" Filing 11 at 14. But IFS specifically refers to State Farm's alleged failure "to pay for direct physical loss to the insured premises" as required by the policy. Filing 1-1 at 2. And that tracks the language of the policy, which State Farm has provided, and which says that State Farm will insure the homeowner "for accidental direct physical loss to property . . . caused by the following perils," one of which is hail. Filing 12-1 at 9. IFS's allegation is easily sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests," which is what Rule 8(a) requires. *See Twombly*, 550 U.S. at 555 (cleaned up) (quotation omitted).

Similarly, there is no merit to State Farm's argument that IFS failed to state a claim because it didn't plead "facts with respect to the nature or extent of the damage to the Insureds' homes or actual repair costs incurred." Filing 11 at 15. Rule 8 does not require detailed factual allegations, but only facts with enough specificity to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Accordingly, "Rule 8 is both a floor and a ceiling: it can be violated by a complaint that pleads too little and by a complaint that pleads too much." *Residential Funding Co., LLC v. Acad. Mortg. Corp.*, 59 F. Supp. 3d 935, 947 (D. Minn. 2014) (cleaned up). State

Farm directs the Court to no authority suggesting that Rule 8(a) required IFS to append a spreadsheet to its complaint setting forth every line item of damages in detail—there is, in fact, no need to set forth a detailed evidentiary proffer in a complaint, *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016), and requiring such specificity would contravene Rule 8(a)'s requirement of pleading a "short and plain statement of the claim," *see Residential Funding*, 59 F. Supp. 3d at 948.

Accordingly, the Court finds no merit to State Farm's argument that IFS failed to state a claim for breach of contract.

## ATTORNEY'S FEES

Finally, State Farm contends that IFS's prayer for attorney's fees "should be stricken with prejudice now." Filing 11 at 15-16. But that issue is premature. Whether or not IFS can prove a right to attorney's fees is a matter suitable for disposition at a much later point in the litigation, possibly post-judgment pursuant to Fed. R. Civ. P. 54(d).

That said, the Court is skeptical of State Farm's contention that IFS cannot seek attorney's fees pursuant to Neb. Rev. Stat. § 44-359. *See* filing 11 at 16-17. The statute provides in relevant part that

> when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs.

When an assignor has not limited the scope of the assignment or retained any interest, the right to fees and costs under § 44-359 can be assigned along with policy rights. *Valley Boys, Inc. v. State Farm Fire & Cas. Co.*, No. 8:14-CV-159, 2014 WL 5393522, at \*2 (D. Neb. Oct. 22, 2014); *cf. Millard Gutter Co.*, 889 N.W.2d at 605 (affirming award of attorney's fees and awarding attorney's fees on appeal to assignee of homeowner's insurance policy claim). And the contract here assigns the insurance proceeds "and any other claims arising out of [the insurance claim] asserted thereunder and proceeds thereof." *E.g.* Filing 1-1 at 6. That language seems broad enough to encompass an assignment of fees and costs under § 44-359.

Nor can the Court find textual support in the statute for State Farm's argument that "only two types of people may [recover under § 44-359]: 'beneficiaries' and others entitled to bring an action upon the entirety of an insurance policy." Filing 11 at 17. State Farm directs the Court to no authority for the proposition that only a party who may sue on the "entirety" of a policy may recover fees, and what relevant authority can be found seems to suggest otherwise. *See Nat'l Am. Ins. Co. of Nebraska v. Cont'l W. Ins. Co.*, 502 N.W.2d 817, 825 (Neb. 1993), *disapproved on other grounds by McGill v. Lion Place Condo. Ass'n*, 864 N.W.2d 642 (Neb. 2015); *State Farm Mut. Auto. Ins. Co. v. Royal Ins. Co. of Am.*, 382 N.W.2d 2, 8 (Neb. 1986); *cf. State v. Aguallo*, 881 N.W.2d 918, 922 (Neb. 2016) (it is not within the province of a court to read a meaning into a statute that is not warranted by the language).

But while State Farm's arguments are not convincing at this point, as the Court already said, it is unnecessary to definitively resolve the issue of attorney's fees at this preliminary state of the proceedings. So, the Court will deny State Farm's motion to strike without prejudice to disposition at a later stage of the proceedings.

IT IS ORDERED:

1.      State Farm's motion to dismiss (filing 10) is denied.

2.      This matter is referred to the Magistrate Judge for case progression.

Dated this 8th day of May, 2018.

                        BY THE COURT:

                        John M. Gerrard
                        United States District Judge